1  THOMAS M. HERLIHY (SBN 83615)
   LAURA E. FANNON (SBN 111500)
2  KELLY, HERLIHY & KLEIN LLP
   44 Montgomery Street, Suite 2500
3  San Francisco, CA 94104-4798
   Tel.: (415) 951-0535
4  Fax: (415) 391-7808

5  Attorneys for Defendant
   HARTFORD LIFE AND ACCIDENT
6  INSURANCE COMPANY

7

8                UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10

11 CAROL S. BARBOZA,                    )  Case No.: C 3:07-CV 05492 MJJ
                                        )
12            Plaintiff,                )  **ANSWER TO COMPLAINT**
                                        )
13    vs.                               )
                                        )
14 HARTFORD LIFE AND ACCIDENT           )
   INSURANCE COMPANY,                   )
15 and DOES 1-50, inclusive,            )
                                        )
16            Defendants.               )

17

18

19

20

21

22

23

24

25

26

27

28

Defendant Hartford Life and Accident Insurance Company ("The Hartford"), for itself and itself alone, answers the complaint filed by plaintiff Carol S. Barboza ("plaintiff") as follows:

## GENERAL ALLEGATIONS

1. Answering the allegations of paragraph 1 of the complaint, The Hartford admits on information and belief that plaintiff resides in Humboldt County, that she was employed by Saint Joseph Health Systems ("SJHS") for a time, and that SJHS does business in the State of California. Answering the remaining allegations of said paragraph, The Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies said allegations.

2. Answering the allegations of paragraph 2 of the complaint, The Hartford admits the allegations contained therein.

3. Answering the allegations of paragraph 3 of the complaint, The Hartford admits that SJHS maintained a plan for the benefit of its employees that included the group disability insurance policy of which a copy is attached to the complaint as Exhibit 1. Answering the remaining allegations of said paragraph, The Hartford denies each and every allegation contained therein.

4. Answering the allegations of paragraph 4 of the complaint, The Hartford admits that the policy provided for payment of monthly benefits in the event of disability as defined in the policy, and subject to all of the other terms and conditions of the policy. Answering the remaining allegations of said paragraph, The Hartford denies each and every allegation contained therein.

5. Answering the allegations of paragraph 5 of the complaint, The Hartford denies each and every allegation contained therein.

6. Answering the allegations of paragraph 6 of the complaint, The Hartford admits that plaintiff became disabled within the meaning of the policy in 1999, while she was employed by SJHS. The Hartford further admits that it underwrote the disability coverage under the SJHS plan at that time, and that The Hartford was the claim administrator under the plan. Answering

the remaining allegations of said paragraph, The Hartford denies each and every allegation contained therein.

7. Answering the allegations of paragraph 7 of the complaint, The Hartford admits that it paid plaintiff benefits under the policy from August 10, 1999, to April 1, 2006. Answering the remaining allegations of said paragraph, The Hartford denies each and every allegation contained therein.

8. Answering the allegations of paragraph 8 of the complaint, The Hartford admits that plaintiff's benefits were terminated as of April 1, 2006.  Answering the remaining allegations of said paragraph, The Hartford denies each and every allegation contained therein.

9. Answering the allegations of paragraph 9 of the complaint, The Hartford denies each and every allegation contained therein.

10. Answering the allegations of paragraph 10 of the complaint, The Hartford admits that plaintiff submitted a timely appeal from The Hartford's claim determination.  Answering the remaining allegations of said paragraph, The Hartford denies each and every allegation contained therein.

11. Answering the allegations of paragraph 11 of the complaint, The Hartford admits that it upheld its original claim determination on appeal in September 2006, and that plaintiff has exhausted her administrative remedies.  Answering the remaining allegations of said paragraph, The Hartford denies each and every allegation contained therein.

12. Answering the allegations of paragraph 12 of the complaint, The Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations stated therein, and on that basis denies said allegations.

13. Answering the allegations of paragraph 13 of the complaint, The Hartford denies each and every allegation contained therein.

14. Answering the allegations of paragraph 14 of the complaint, The Hartford denies each and every allegation contained therein.

15. Answering the allegations of paragraph 15 of the complaint, The Hartford denies each and every allegation contained therein.

16. Answering the allegations of paragraph 16 of the complaint, The Hartford denies each and every allegation contained therein.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

17. Answering the allegations of paragraph 17 of the complaint, The Hartford realleges and incorporates herein by reference its answers to paragraphs 1 through 16 of the complaint above as though fully set forth.

18. Answering the allegations of paragraph 18 of the complaint, The Hartford admits that plaintiff has demanded payment of benefits and that no payments were made after March 2006. Answering the remaining allegations of said paragraph, The Hartford denies each and every allegation contained therein.

19. Answering the allegations of paragraph 19 of the complaint, The Hartford denies each and every allegation contained therein.

20. Answering the allegations of paragraph 20 of the complaint, The Hartford denies each and every allegation contained therein.

## SECOND CAUSE OF ACTION

### (Breach of Duty of Good Faith and Fair Dealing)

21. Answering the allegations of paragraph 21 of the complaint, The Hartford realleges and incorporates herein by reference its answers to paragraphs 1 through 20 of the complaint above as though fully set forth.

22. Answering the allegations of paragraph 22 of the complaint, The Hartford denies each and every allegation contained therein.

23. Answering the allegations of paragraph 23 of the complaint, The Hartford denies each and every allegation contained therein.

24. Answering the allegations of paragraph 24 of the complaint, The Hartford denies each and every allegation contained therein.

25. Answering the allegations of paragraph 25 of the complaint, The Hartford denies each and every allegation contained therein.

1    26.    Answering the allegations of paragraph 26 of the complaint, The Hartford denies
2 each and every allegation contained therein.
3    27.    Answering the allegations of paragraph 27 of the complaint, The Hartford denies
4 each and every allegation contained therein.
5    WHEREFORE, The Hartford prays for judgment as set forth below.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure To State a Claim for Relief)

9    28.    Neither plaintiff's complaint, nor any claim for relief set forth therein, states facts
10 sufficient to constitute a claim for relief against The Hartford.

### SECOND AFFIRMATIVE DEFENSE
### (Comparative Fault)

13    29.    The Hartford alleges, on information and belief, that any damages sustained by
14 plaintiff by reason of the events alleged in her complaint were proximately caused or contributed
15 to by plaintiff's or her agents' own fault.

### THIRD AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

18    30.    The Hartford alleges, on information and belief, that by plaintiff's or her agents'
19 own comparative or contributory fault, plaintiff has waived and relinquished, or is estopped to
20 assert, every claim for relief asserted in her complaint.

### FOURTH AFFIRMATIVE DEFENSE
### (Failure To Satisfy Conditions Precedent)

23    31.    Plaintiff has failed to satisfy all conditions precedent to payment of benefits under
24 the policy that is the subject of this action.

### FIFTH AFFIRMATIVE DEFENSE
### (Intervening Cause/Comparative Fault)

27    32.    The Hartford denies that plaintiff has sustained any injury or damage by any act
28 or omission by The Hartford.  However, if it is established that plaintiff suffered injury or

1  damage for which The Hartford is held liable, The Hartford alleges that such injury or damage
2  was proximately caused or contributed to by the intervening negligence or wrongful acts of
3  plaintiff or her agents, and that those negligent or wrongful acts by plaintiff or her agents
4  eliminate or reduce any damages plaintiff can recover from The Hartford in this action.

### SIXTH AFFIRMATIVE DEFENSE
### (Third Party Fault)

33.  Any and all losses or damages sustained by plaintiff as a result of the occurrences alleged in the complaint were proximately caused in whole or in part by the negligence or fault of persons or entities other than The Hartford, and for whom The Hartford is not responsible. The negligence and fault of other persons or entities eliminates or reduces any damages plaintiff may recover from The Hartford in this action.

### SEVENTH AFFIRMATIVE DEFENSE
### (Failure To Mitigate)

34.  The Hartford alleges on information and belief that plaintiff failed to exercise reasonable care and diligence to mitigate her damages, if she has any.  As a consequence, plaintiff's claim should be barred, or alternatively, any damages awarded to plaintiff should be reduced in proportion to plaintiff's fault in failing to mitigate her damages.

### EIGHTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

35.  Plaintiff's claims are barred by the principle of unjust enrichment.

### NINTH AFFIRMATIVE DEFENSE
### (Privilege)

36.  Each and every act or statement done or made by The Hartford, or by The Hartford's agents or employees, with reference to plaintiff, was privileged as a good faith assertion of The Hartford's legal and contractual rights.

**TENTH AFFIRMATIVE DEFENSE**

**(Failure To Allege Facts To Support Punitive Damage Claim)**

37.     Plaintiff has failed to allege, and cannot prove, the oppression, fraud, or malice required for an award of punitive damages against The Hartford pursuant to Civil Code section 3294.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Punitive Damages: Violation of Due Process Clause)**

38.     An award of punitive damages would violate the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Constitution of the State of California.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Punitive Damages: Violation of Equal Protection Clause)**

39.     An award of punitive damages would violate the equal protection clause of the Fourteenth Amendment to the United States Constitution and the corresponding provisions of the Constitution of the State of California.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Attorneys' Fees Barred by Code of Civil Procedure Section 1021)**

40.     Plaintiff's claim for attorney's fees is barred by Code of Civil Procedure section 1021.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(California Insurance Code Section 10111)**

41.     Plaintiff's damage claims, if any, are limited by the provisions of California Insurance Code section 10111.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Parol Evidence Rule)**

42.     Plaintiff's claims are barred by the parol evidence rule.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

43.     The Hartford alleges, on information and belief, that plaintiff is barred and estopped by the equitable doctrine of unclean hands from seeking or obtaining any recovery against The Hartford by reason of her complaint.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Limitation of Remedies for Breach of Contract)**

44.     Plaintiff's remedy for any alleged breach of contract is limited by California Civil Code sections 3300 and 3302.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Offsets)**

45.     The Hartford denies that any amount remains due and owing to plaintiff under the group disability policy sued upon.  However, if the court should determine that any amount remains due and owing to plaintiff, all benefits to be paid are subject to offset and reduction by Other Income Benefits as defined in the policy and in accordance with its terms.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Reservation of Defenses)**

46.     The Hartford alleges that it presently has insufficient knowledge or information from which to form a belief as to whether it may have additional, as yet unstated, defenses available.   The Hartford reserves the right to assert additional defenses to the extent that such additional defenses are determined to be appropriate.

WHEREFORE, The Hartford prays for judgment against plaintiffs as follows:

1.      That plaintiff take nothing by reason of her complaint on file herein;

2.      That The Hartford be awarded its costs of suit herein; and

///

///

///

1       3.    That the court grant such other and further relief as it may deem just and proper.

3   .                          KELLY, HERLIHY & KLEIN LLP

5   Date: November 16, 2007            By_____/S/_____
                                               Laura E. Fannon
                                           Attorneys for Defendant
                                    HARTFORD LIFE AND ACCIDENT
                                               INSURANCE COMPANY

E:\27243\P06.doc