1  THOMAS M. HERLIHY (SBN 83615)
   LAURA E. FANNON (SBN 111500)
2  KELLY, HERLIHY & KLEIN LLP
   44 Montgomery Street, Suite 2500
   San Francisco, CA 94104-4798
3  Tel.: (415) 951-0535
   Fax: (415) 391-7808
4

5  Attorneys for Defendant
   HARTFORD LIFE AND ACCIDENT
6  INSURANCE COMPANY

7

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11 | CAROL S. BARBOZA,                          ) Case No.: C 3:07-CV 05492 MJJ
                                                )
12 |                    Plaintiff,               ) **JOINT CASE MANAGEMENT**
                                                ) **STATEMENT AND PROPOSED ORDER**
13 |        vs.                                  )
                                                ) Date: February 12, 2008
14 | HARTFORD LIFE AND ACCIDENT                  ) Time: 2:00 p.m.
     INSURANCE COMPANY,                          ) Courtroom 11, 19th Floor
15 | and DOES 1-50, inclusive,                   )
                                                ) Hon. Martin J. Jenkins
16 |                    Defendants.              )

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff Carol S. Barboza ("plaintiff") and defendant Hartford Life and Accident Insurance Company ("The Hartford") submit the following Joint Case Management Statement in connection with the Case Management Conference scheduled for February 12, 2008, and request that the court adopt the following as its Case Management Order.

**1.     Jurisdiction and Service**:

The Court has diversity and removal jurisdiction over the cause, in that plaintiff is a citizen of the State of California; The Hartford is a citizen of the State of Connecticut with its principal place of business in Simsbury, Connecticut; and the amount in controversy exceeds $75,000. No issues exist as to venue or as to personal jurisdiction. No additional parties remain to be served. Plaintiff's Complaint was filed in the Superior Court of California, Humboldt County, on September 27, 2007, and was timely removed to this court on October 26, 2007. The Hartford's Answer was filed on November 16, 2007.

**2.     Facts**:

In this action for breach of contract and breach of the implied covenant of good faith and fair dealing, plaintiff seeks recovery of long-term disability benefits under a group disability plan issued to her employer, St. Joseph Health System, for the benefit of its employees. The parties agree that the group plan was a "church plan" as defined in the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. section 1001 et seq., and therefore is exempt from ERISA and is governed by state law. The plan was fully underwritten and insured by The Hartford at the time of plaintiff's claim.

At the time her claimed disability arose, plaintiff was a Registered Nurse at a hospital within the St. Joseph Health System. She ceased work on May 12, 1999, based upon symptoms related to fibromyalgia and degenerative disc disease. After the 90-day elimination period, The Hartford paid plaintiff monthly disability benefits until April 1, 2006. The Hartford terminated plaintiff's benefits, stating that plaintiff no longer satisfied the policy's definition of total disability. This claim decision was upheld on administrative appeal, and plaintiff was so notified on September 29, 2006.

The principal factual issues in dispute concern plaintiff's satisfaction of the applicable policy definition of "total disability," as well as the sufficiency of The Hartford's claim investigation.

**3.    Legal Issues**:

Plaintiff contends that she remains totally disabled under the policy terms and that The Hartford breached its contract with her by terminating her benefits.  Plaintiff also contends that The Hartford's claim determination was made in bad faith, and that she is entitled to extracontractual compensatory and punitive damages in addition to contract damages.

The Hartford asserts that its claim determination was correct under the terms of the contract and that, at a minimum, there was a genuine dispute concerning plaintiff's entitlement to benefits such that plaintiff's bad faith and punitive damage claims will not lie.

**4.    Motions**:

At this time, plaintiff does not anticipate filing any motions.

The Hartford anticipates filing a motion for partial summary judgment as to the bad faith and punitive damage claims.

**5**.    **Amendment of Pleadings**:

The parties currently do not anticipate any further amendments of the pleadings.

**6.    Evidence Preservation**:

The plaintiff is unaware of any relevant issues concerning preservation of evidence in this case.  The Hartford represents that it has taken proper measures for the preservation of evidence.

**7.    Disclosures**:

The Hartford served its Initial Disclosures on January 29, 2008.  Plaintiff anticipates serving her Initial Disclosures within the week.

**8.    Discovery**:

The parties respectfully suggest that after reviewing the other party's Initial Disclosures, they will be able to assess the anticipated scope of discovery more accurately.  The parties will be prepared to discuss the matter in more detail at the Court's Case Management Conference.

However, at a minimum, plaintiff anticipates taking the following discovery: written discovery followed by the depositions of the claims adjusters and/or of the administrators who made the final determination of the claim. The Hartford anticipates taking written discovery, followed by the depositions of plaintiff and of her physicians and family members. Both parties anticipate that expert discovery will be needed.

**9.     Class Actions**:

Not applicable.

**10.    Related Cases**:

There are no related cases.

**11.    Relief**:

Plaintiff seeks the following relief: an estimated $21,000 in past due benefits and $120,000 in future benefits, based upon policy provisions; as well as emotional distress and punitive damages as proven at trial.

The Hartford disputes that any further amounts are payable to plaintiff. However, should this court determine that plaintiff is entitled to further disability benefits, such benefits will be subject to certain offsets for other benefits received, pursuant to the terms of the policy. The Hartford does not seek any affirmative relief.

**12.    Settlement and ADR**:

The parties have agreed to engage in court-sponsored Mediation under the Court's ADR Rules and procedures, and have filed a formal stipulation to that effect.

**13.    Consent to Magistrate for all Purposes**:

The parties do not consent to assignment of this matter to a Magistrate Judge.

**14.    Other References**:

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.  Narrowing of Issues**:

The Hartford intends to file a motion for summary judgment or partial summary judgment with respect to the claims for bad faith and punitive damages.  The Hartford believes that the issues will be narrowed by means of such a motion.  The Hartford may seek bifurcation of the punitive damages claim at trial if not disposed of on motion but would prefer to defer this decision until the pretrial conference.  The parties do not currently anticipate any request otherwise to bifurcate issues, claims, or defenses.

**16.  Expedited Schedule**:

Not applicable.

**17.  Scheduling**:

The parties propose the following case schedule:

- July 11, 2008, Initial Expert Disclosures
- August 15, 2008, Rebuttal Expert Disclosures
- December 1, 2008, Discovery Cut-off
- January 15, 2009 Last day dispositive motions to be filed
- April 17, 2009, Pre-trial Conference
- May 15, 2009, Trial Date

**18.  Trial**:

As no party requested a jury within the time permitted by Federal Rule of Civil Procedure 81(c), trial will be by the court sitting without a jury.  The parties anticipate a trial of no more than five to seven court days.

**19.  Disclosure of Non-party Interested Entities or Persons**:

Pursuant to Civil L.R. 3-16, plaintiff certifies that as of this date, other than the named parties, there is no such interest to report**.**

Upon removal of this action to this court, defendant Hartford Life and Accident Insurance Company filed a Certificate of Interested Parties and listed therein the following entities as having a financial interest in the outcome of this lawsuit: The Hartford Financial Services Group,

Inc., Delaware; Hartford Holdings, Inc., Delaware; Hartford Life, Inc., Delaware; and Hartford Life and Accident Insurance Company, Connecticut.  In addition, St. Joseph Health System, though not named as a party, was identified as the employer and policyholder of the group disability insurance policy sued upon.

**20.     Other matters that may facilitate the just, speedy and inexpensive disposition of this matter**:

No other matters other than those set forth above.

.                                                            INSURANCE LITIGATORS & COUNSELORS

Date: January 31, 2008                             By_____/S/_____
                                                                         Joseph John Turri
                                                                       Attorneys for Plaintiff
                                                                      CAROL S. BARBOZA


                                                                KELLY, HERLIHY & KLEIN LLP


Date: January 31, 2008                             By_____/S/_____
                                                                          Laura E. Fannon
                                                                      Attorneys for Defendant
                                                                HARTFORD LIFE AND ACCIDENT
                                                                      INSURANCE COMPANY


## **CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition, the Court orders:

*[The Court may wish to make additional orders, such as:*

*a.      Referral of the parties to court or private ADR process;*

*b.      Schedule a further Case Management Conference;*

|   |   |   |
|---|---|---|
| 1 | *c.* | *Schedule the time and content of supplemental disclosures;* |
| 2 | *d.* | *Specially set motions;* |
| 3 | *e.* | *Impose limitations on disclosures or discovery;* |
| 4 | *f.* | *Set time for disclosure of identity, background and opinions of experts;* |
| 5 | *g.* | *Set deadlines for completing fact and expert discovery;* |
| 6 | *h.* | *Set time for parties to meet and confer regarding pretrial submissions;* |
| 7 | *i.* | *Set deadlines for hearing motions directed to the merits of the case;* |
| 8 | *j.* | *Set deadline for submission of pretrial material;* |
| 9 | *k.* | *Set date and time for pretrial conference;* |
| 10 | *l.* | *Set a date and time for trial.]* |

**IT IS SO ORDERED.**

Date:_____    By:_____
                                                Martin J. Jenkins
                                                United States District Judge

E:\27243\P08.doc

**DECLARATION RE CONCURRENCE OF SIGNATORIES**
**UNITED STATES DISTRICT COURT, N.D. CAL.**
**GENERAL ORDER 45**

The undersigned ECF filer hereby attests that concurrence in the filing of the foregoing document has been obtained from each of the other signatories whose signature is indicated by the notation "/s/ [name of signatory]."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: January 31, 2008                    /s/ Laura E. Fannon
                                           Laura E. Fannon

-7-
JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER
CASE NO. 3:07-CV 05492 MJJ